436 So.2d 163 (1983)
FIRST HOME FEDERAL SAVINGS AND LOAN ASSOCIATION, SEBRING, FLORIDA, a Corporation Organized and Operating under the Laws of the United States of America, Appellant,
v.
Dwight M. NANCE and Patricia G. Gallagher, Appellees.
No. 82-1395.
District Court of Appeal of Florida, Second District.
March 23, 1983.
*164 Fred S. Ridley of Bucklew, Ramsey & Ridley, Tampa, for appellant.
Harry M. Hobbs of Harry M. Hobbs, P.A., Tampa, for appellee/Patricia G. Gallagher.
SCHOONOVER, Judge.
The appellant, First Home Federal Savings and Loan Association, has appealed a summary final judgment denying it the right to enforce a due-on-sale clause in a mortgage after the owner of the mortgaged property sold the property without appellant's approval. The trial court held, consistent with this court's holding in the case of First Federal Savings & Loan Association v. Lockwood, 385 So.2d 156 (Fla. 2d DCA 1980), that the appellant could not enforce the due-on-sale clause of the mortgage without alleging and proving that the transfer of the mortgaged property had impaired the lender's security. We reverse.
On October 20, 1977, Dwight M. Nance executed and delivered to the appellant a promissory note and mortgage. Paragraph 17 of the mortgage provided in part:
17. Transfer of the Property; Assumption. If all or any part of the Property or an interest therein is sold or transferred by Borrower without Lender's prior written consent, excluding (a) the creation of a lien or encumbrance subordinate to this Mortgage, (b) the creation of a purchase money security interest for household appliances, (c) a transfer by devise, descent or by operation of law upon the death of a joint tenant or (d) the grant of any leasehold interest of three years or less not containing an option to purchase, Lender may, at Lender's option, declare all the sums secured by this Mortgage to be immediately due and payable.[1]
On March 5, 1980, Mr. Nance transferred the property by warranty deed to the appellee Patricia G. Gallagher. The transfer of said property was effected without the appellant's prior written consent as required by paragraph 17 of the mortgage. After the appellant learned of the transfer, it accelerated the debt in accordance with the due-on-sale clause and thereafter instituted a foreclosure action against Dwight M. Nance and the appellee. A default was entered against Dwight M. Nance. The appellee answered the amended complaint and filed a counterclaim seeking a declaratory decree determining that she was not in default because of the sale of the property. The appellee then moved for a summary judgment, relying on this court's decision in Lockwood. Her motion was granted and this appeal followed.
Subsequent to the trial court's ruling, the United States Supreme Court in Fidelity Federal Savings & Loan Association v. de la Cuesta, ___ U.S. ___, 102 S.Ct. 3014, 73 L.Ed.2d 664 (1982), decided the issue presented in the case sub judice. In de la Cuesta, the court held that under section 5(a) of the Homeowner's Loan Act of 1933 (HOLA), a federal regulation issued in *165 1976[2] by the Federal Home Loan Bank Board pre-empted state law, and that due-on-sale practices of federal savings and loan associations are governed exclusively by these regulations without regard to any limitations imposed by state law.
The court's holding in de la Cuesta is dispositive of the issue presented by this appeal. It effectively overrules this court's holding in Lockwood that a state court may, applying state equity law, refuse to enforce due-on-sale clauses in federal savings and loan associations' mortgage contracts.
We accordingly reverse and remand for further proceedings consistent herewith.
BOARDMAN, A.C.J., and RYDER, J., concur.
NOTES
[1] This due-on-sale clause is similar to paragraph 17 of the Uniform Mortgage Instrument developed by the Federal Home Loan Mortgage Corporation and the Federal National Mortgage Association.
[2] The regulation, now 12 CFR § 545.8-3(f) (1982), provides in relevant part:

[A federal savings and loan] association continues to have the power to include, as a matter of contract between it and the borrower, a provision in its loan instrument whereby the association may, at its option, declare immediately due and payable sums secured by the association's security instrument if all or any part of the real property securing the loan is sold or transferred by the borrower without the association's prior written consent.